Teresa EDWARDS *v.* STATE of Arkansas

CR 04-1127                                           199 S.W.3d 684

Supreme Court of Arkansas
Opinion delivered December 9, 2004

*Jeff Rosenzweig,* for appellant's counsel

No response.

PER CURIAM. We previously directed attorney Jerome Green to appear before this court on December 2, 2004, and show cause as to why he should not be held in contempt for failing to perfect the appeal of Appellant Teresa Edwards and for representing her during a time that he was delinquent in the payment of his bar dues and was therefore not in good standing. *See Edwards v. State,* 359 Ark. 409, 198 S.W.3d 120 (2004) *(per curiam).*

Mr. Green did appear as ordered and entered a plea of *nolo contendere* to the contempt charges. He admitted that he had filed a notice of appeal on Appellant's behalf, but then failed to perfect the appeal and had not sought this court's permission to withdraw from her case. He also admitted that he had not paid his bar dues for the years 2003 and 2004. He then offered a statement in mitigation on both grounds.

Regarding his representation of Appellant while not in good standing for failure to pay his bar dues, Mr. Green stated that he had not received any notice and was not aware that he had been delinquent. He stated that he had appeared in courts throughout the state, but had never been informed that he was delinquent. The records of our Clerk, however, show that Mr. Green was placed on the list for delinquent bar dues for the years 2003 and 2004, and these lists were sent to all the circuit courts in the state. Our Clerk's records also show that since the date of our previous order, Mr. Green has paid his dues in full.

As for the charge of failing to perfect the appeal, Mr. Green stated that he had made arrangements with the court reporter to complete the transcript. He stated that Appellant's family indicated that they would pay for the transcript. Despite their assurances, he stated that he was not able to secure the money from them, and they eventually ceased communicating with him. At some point, he stated that he became aware that Appellant's family had retained another attorney. Thereafter, he took no further action on the appeal. He admitted, however, that he did not at any time file a motion in this court seeking permission to withdraw from Appellant's appeal, as required in Ark. Sup. Ct. R. 4-3(j)(1).

Based on the foregoing, we find Mr. Green in contempt for representing Appellant during a time that he was not in good standing before the bar. We also find him in contempt for failing to perfect Appellant's appeal and for failing to file a motion in this court seeking permission to withdraw from her appeal. His inaction on the case, even though another attorney had been retained on her behalf, is inexcusable under the circumstances. Accordingly, we impose a fine of $250, which shall be paid within thirty days from the date of this order. A copy of this opinion will be forwarded to the Supreme Court Committee on Professional Conduct.

DICKEY, C.J., not participating.